# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MATTHEW WOLFE,**
**a.k.a. Halcyon Wolfe,**
**D.O.C. # K77810,**

      **Plaintiff,**

**vs.**                        **Case No.  4:23cv093-MW-MAF**

**FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this civil rights case without payment of the filing fee or the submission of an in forma pauperis motion, and without filing a proper complaint.  An Order was entered in March 2023, ECF No. 3, directing Plaintiff to cure those deficiencies.  While Plaintiff submitted a complaint, ECF No. 4, and an in forma pauperis motion, ECF No. 6, the motion was not properly supported by copies of Plaintiff's inmate bank account statement and the complaint was insufficient.  An Order was

entered on May 5, 2023, directing Plaintiff to file an amended in forma pauperis motion and another amended complaint.  ECF No. 9.

A few days later Plaintiff filed a "motion to include."  ECF No. 10. Another Order was entered advising Plaintiff that the incident alleged could not be included in this case because it would be impossible for Plaintiff to have exhausted her administrative remedies.  ECF No. 11.  Plaintiff was reminded that no further action would be taken on this case until Plaintiff either pays the $402 filing fee or files a completed in forma pauperis motion supported by a financial affidavit and inmate bank account statement.  *Id.* Further, Plaintiff was required to file a second amended complaint which demonstrates that Plaintiff faces imminent danger.  *Id.*  If Plaintiff did not want to continue this case, a notice of voluntary dismissal was to be filed by the same deadline.  *Id.*

As of this date, nothing further has been received from Plaintiff.   The June 5, 2023, deadline has passed and it would appear that Plaintiff has abandoned this litigation.  Plaintiff was warned that a recommendation would be entered to dismiss this case if she failed to comply.  Thus, dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned

and did not respond to a Court Order.  Because Plaintiff has failed to

prosecute this case, dismissal is appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2023.


S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**